**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**MONROE DIVISION**

**TYRONE W. HADLEY, JR.**                    **CIVIL ACTION NO. 18-0529**

                                             **SECTION P**

**VS.**

                                             **JUDGE TERRY A. DOUGHTY**

**RIVER BEND DETENTION**                     **MAG. JUDGE KAREN L. HAYES**
**CENTER, ET AL.**

**REPORT AND RECOMMENDATION**

Plaintiff Tyrone W. Hadley, Jr., a detainee at East Baton Rouge Parish Prison proceeding

pro se and in forma pauperis, filed the instant Complaint on March 2, 2018, under 42 U.S.C. §

1983.  He names the following Defendants: River Bend Detention Center, Warden Johnny

Hedgemond, Robert Russell, Captain Poche, Terence Dismuke, and Lieutenant Cry.[1]  For the

following reasons, it is recommended that Plaintiff's Complaint be **DISMISSED WITH**

**PREJUDICE**.

**Background**

Plaintiff alleges that, on February 2, 2018, at River Bend Detention Center, officials said

that he and other inmates would receive a mandatory haircut if their hair was over a certain

length.  Plaintiff alleges that "it was up to the prison guards' discretion" to choose inmates for

haircuts, but he later alleges that he was informed that haircuts were "policy."  Plaintiff refused

to cut his hair because of his religion.  However, after officials threatened him with "physical

force" if he did not comply, Plaintiff submitted and an inmate cut his hair.

Plaintiff claims that the clippers the inmate used damaged his roots and that his hair is

---

[1] This matter has been referred to the undersigned for review, report, and
recommendation in accordance with 28 U.S.C. § 636 and the standing orders of the Court.

now "growing in spots." He seeks punitive damages and $850,000.00 for mental anguish and emotional distress.

## Law and Analysis

**1. Preliminary Screening**

Plaintiff is a detainee who has been permitted to proceed in forma pauperis. As a detainee seeking redress from an officer or employee of a governmental entity, his complaint is subject to preliminary screening pursuant to 28 U.S.C. § 1915A.[2] *See Martin v. Scott,* 156 F.3d 578, 579-80 (5th Cir.1998) (*per curiam*). Because he is proceeding in forma pauperis, his Complaint is also subject to screening under § 1915(e)(2). Both § 1915(e)(2) (B) and § 1915A(b) provide for *sua sponte* dismissal of the complaint, or any portion thereof, if the Court finds it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams,* 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Id.* at 327. Courts are also afforded the unusual power to pierce the veil of the factual allegations and dismiss those claims whose factual contentions are clearly baseless. *Id.*

A complaint fails to state a claim upon which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly,*

---

[2] Under 28 U.S.C. § 1915(h), "'prisoner' means any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program."

550 U.S. 544, 570 (2007); *accord Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009).  Likewise, a complaint fails to state a claim upon which relief can be granted if it appears that no relief could be granted under any set of facts that could be proven consistent with the allegations of the complaint.  Of course, in making this determination, the court must assume that all of the plaintiff's factual allegations are true.  *Bradley v. Puckett*, 157 F.3d 1022, 1025 (5th Cir. 1998).

A civil rights plaintiff must support his claims with specific facts demonstrating a constitutional deprivation and may not simply rely on conclusory allegations.  *Ashcroft*, 556 U.S. at 662; *Schultea v. Wood*, 47 F.3d 1427, 1433 (5th Cir. 1995).  Nevertheless, a district court is bound by the allegations in a plaintiff's complaint and is "not free to speculate that the plaintiff 'might' be able to state a claim if given yet another opportunity to add more facts to the complaint."  *Macias v. Raul A. (Unknown) Badge No. 153*, 23 F.3d 94, 97 (5th Cir. 1994).

A hearing need not be conducted for every pro se complaint.  *Wilson v. Barrientos*, 926 F.2d 480, 483 n.4 (5th Cir. 1991).  A district court may dismiss a prisoner's civil rights complaint as frivolous based upon the complaint and exhibits alone.  *Green v. McKaskle*, 788 F.2d 1116, 1120 (5th Cir. 1986).

**2. First Amendment**

Plaintiff claims that Defendants forced him to submit to a haircut in violation of his First Amendment right to practice his religion.  The Court must evaluate whether the regulation or practice "is reasonably related to legitimate penological interests."  *O'Lone v. Estate of Shabazz*, 482 U.S. 342, 348 (1987).  In *Hicks v. Garner*, 69 F.3d 22, 25 (5th Cir. 1995), the Fifth Circuit opined:

> The rule is well established that inmates retain their First Amendment right to
> exercise religion; however, this right is subject to reasonable restrictions and

limitations necessitated by penological goals.  Equally clear in this circuit is the proposition that prison grooming regulations, including specifically the requirement that a prisoner cut his hair and beard, are rationally related to the achievement of valid penological goals, such as security and inmate identification.

Holding that the plaintiff "failed to identify an arguable basis in law for his free exercise claim" and that the claim was "based on an indisputably meritless legal theory[,]" the Fifth Circuit affirmed the district court's dismissal of the plaintiff's claim.  *Id.*; see also *Scott v. Mississippi Dep't of Corrections*, 961 F.2d 77, 82 (1992) (holding that prison policy requiring short hair did not violate Rastafarian prisoners' rights to freely exercise their religion while incarcerated); *Taylor v. Johnson*, 257 F.3d 470, 472-73 (5th Cir. 2001) (holding that prison grooming policy prohibiting a Muslim inmate from growing a one-quarter inch beard did not violate his Free Exercise rights).

Here, accordingly, Plaintiff's First Amendment claim should be denied as frivolous and for failure to state a claim upon which relief can be granted.[3]

## 3.  Religious Land Use and Institutionalized Persons Act

To the extent Plaintiff seeks compensatory and punitive relief under the Religious Land Use and Institutionalized Persons Act ("RLUIPA"),[4] he fails to state a claim upon which relief can be granted.  Plaintiff may not recover compensatory damages for his alleged emotional

---

[3] To the extent Plaintiff claims that Defendants violated–rather than followed—the Detention Center's grooming policy, the violation of a prison policy or regulation, without more, does not rise to the level of a constitutional violation for purposes of section 1983.  See *Myers v. Klevenhagen*, 97 F.3d 91, 94 (5th Cir. 1996) (determining, in the context of a Section 1983 action, that "a prison official's failure to follow the prison's own policies, procedures or regulations does not constitute a violation of due process, if constitutional minima are nevertheless met.").

[4] Plaintiff does not mention the RLUIPA in his Complaint.

injuries because he does not allege the requisite physical harm.  See 42 U.S.C. § 1997e(e); RLUIPA, 42 U.S.C. § 2000cc-2(e) ("Nothing in this chapter shall be construed to amend or repeal the Prison Litigation Reform Act of 1995 (including provisions of law amended by that Act).").[5]  While Plaintiff does allege that the grooming clippers damaged his roots, this alleged injury is *de minimis*.  See *Harper v. Showers*, 174 F.3d 716, 719 (5th Cir. 1999) (recognizing that the "physical injury required by § 1997e(e) must be more than de minimus [sic], but need not be significant."); see also *Earl v. Dretke*, 177 Fed. App'x. 440, 441 (5th Cir. 2006) (loss of fingernail *de minimis*); *Gins v. J.B. Evans Corr. Ctr.,* 2009 WL 196199, at *4 (W.D. La. Jan. 23, 2009) ("nonspecific rash" *de minimis*).

Plaintiff, moreover, may not recover punitive damages[6] against Defendants in their individual capacities because the "RLUIPA does not create a cause of action against defendants in their individual capacities."  *Sossamon v. Lone Star State of Texas*, 560 F.3d 316, 331 (5th Cir. 2009); see *Fluker v. King*, 679 F. App'x 325, 328 (5th Cir. 2017); *Coleman v. Lincoln Par. Det. Ctr.*, 858 F.3d 307, 309 (5th Cir. 2017) (citing *Sossamon* for the proposition that "RLUIPA does not authorize a private cause of action for *compensatory or punitive damages* against appellees in their individual or official capacities.") (emphasis supplied).

---

[5] See also *Woods v. Chapman*, 239 F. App'x 35, 38 (5th Cir. 2007) (holding that an inmate could "not recover for his alleged emotional injuries" on a First Amendment claim because "he has not alleged any physical harm."); *Mayfield v. Texas Dep't of Criminal Justice*, 529 F.3d 599, 605–06 (5th Cir. 2008) (prisoner's claims for compensatory damages against prison officials in their official capacity on claims alleging First Amendment and RLUIPA violations were barred by the PLRA provision prohibiting actions for mental or emotional injury suffered while in custody without a prior showing of physical injury).

[6] Despite the limitations imposed by § 1997e(e), a prisoner can, absent a showing of physical injury, pursue punitive damages.  See *Hutchins v. McDaniels*, 512 F.3d 193, 197-98 (5th Cir. 2007).

Insofar as Plaintiff seeks punitive damages from Defendants in their official capacities,[7] and even assuming the RLUIPA authorizes an action for official-capacity damages, Plaintiff is not entitled to relief because "punitive damages . . . are [] barred by a state's sovereign immunity . . . ." *Id.*[8]  The Eleventh Amendment bars recovering money damages from state officials in their official capacity.  *Oliver v. Scott*, 276 F.3d 736, (5th Cir. 2002).

A suit against a state official is "no different from a suit against the State itself."  *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71 (1989).  In that respect, the Eleventh Amendment bars suits in federal court for money damages filed by citizens of a state against their own state or state agency.  *Darlak v. Bobear*, 814 F.2d 1055, 1059 (5th Cir. 1987).  "Claims under federal statutes do not override the Eleventh Amendment bar unless there is a clear showing of congressional intent to abrogate the bar."  *Id.*  "States, in accepting federal funding, do not consent to waive their sovereign immunity to private suits for money damages under RLUIPA because no statute expressly and unequivocally includes such a waiver."  *Sossamon v. Texas*, 563 U.S. 277, 293 (2011).[9]

### Recommendation

For the foregoing reasons, **IT IS RECOMMENDED** that Plaintiff Tyrone W. Hadley,

---

[7] Plaintiff does not specify whether he is suing Defendants in their individual capacity, official capacity, or both.

[8] See *Jones v. Alfred*, 353 F. App'x 949, 951 (5th Cir. 2009) ("Assuming *arguendo* that RLUIPA provides an action for official-capacity damages, those claims are barred by sovereign immunity.").

[9] In addition, "Section 1983 does not override the Eleventh Amendment bar[,]" *Darlak* 814 F.2d at 1059, and Louisiana has not waived its sovereign immunity, *Richardson v. Southern University*, 118 F.3d 450, 453 (5th Cir. 1997); La. Rev. Stat. § 13:5106.

Jr.'s Complaint be **DISMISSED WITH PREJUDICE** as frivolous and for failing to state a claim upon which relief can be granted.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court.  A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.  *See Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).**

In Chambers, Monroe, Louisiana, this 22nd day of May, 2018.


KAREN L. HAYES
UNITED STATES MAGISTRATE JUDGE